AUGUSTA DUERINGER et al., Plaintiffs, *v.* HENRY KLOCKE et al., Defendants.

(County Court, Erie County, December, 1912.)

Partition — motion for judgment on the pleadings — no allegation as to appointment of executor or administrator — pleading.

Where the deceased father of defendant, survived by his second wife and their four children and four children by his first wife, one of whom is a plaintiff herein, left one-third of his property to his wife and the remainder to all his children in equal shares, and the complaint in an action for partition commenced less than three years after the death of the second wife contains no allegation as to whether or not an executor or administrator of his estate had been appointed, a motion by defendant, under section 547 of the Code of Civil Procedure, for judgment on the pleadings will be granted unless the complaint be amended by the insertion of such an allegation.

ACTION for partition.

Benjamin N. Shaffer (Emil Rubenstein, of counsel), for plaintiffs.

Frank Harding, for defendant Charles A. Klocke.

TAYLOR, J. This is a partition action. It appears that one Henry Klocke, father of the defendant Henry Klocke,

above named, died more than three years ago, leaving him surviving his wife Caroline, four children of himself and said wife, and four children of himself and a former wife, one of the latter of whom is the plaintiff Augusta Dueringer, above named. The said ancestor, Henry Klocke, by a will left one-third of his property to his wife Caroline, and two-thirds thereof to all his children, share and share alike. His wife, Caroline, died less than three years prior to the time of the commencement of this action.

The defendant Charles A. Klocke demurs to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. In support of his contention he cites a portion of section 1538 of the Code of Civil Procedure, which reads as follows: " Whenever an action for the partition of real property shall be brought before the expiration of three years from the time when letters of administration or letters testamentary, as the case may be, shall have been issued upon the estate of the decedent from whom the plaintiff's title is derived, the executors or administrators, as the case may be, if any, of the estate of said decedent, shall be made parties defendant. In case no executor or administrator of such decedent shall have been appointed at the time said action is begun, that fact shall be alleged in the complaint."

The complaint contains no allegation on the subject as to whether or not an executor or administrator of the estate of Caroline Klocke has been appointed, and the demurring defendant contends that this is a fatal defect.

The plaintiffs argue that under section 1532 of the Code of Civil Procedure the plaintiff Augusta Dueringer, who takes no portion of her estate in common from said Caroline Klocke, might have brought this action alone as plaintiff, instead of joining with her as plaintiffs Lissette J. Green and Clara J. Hanover; furthermore that, inasmuch as the objection made does not lie against the plaintiff Augusta Dueringer, the complaint is sufficient at least as to her, and that, therefore, the demurrer should be overruled.

I cannot agree with the plaintiffs' contention. If counsel had chosen to make Augusta Dueringer alone plaintiff, the

said plaintiffs, Lissette J. Green and Clara J. Hanover, would then have been necessary parties defendant, and under the portion of said section 1538 immediately following that portion above quoted an allegation would have been necessary in that case as to executors or administrators, if any, of Caroline Klocke. So in either case, whether said persons are made parties plaintiff or defendant, the allegation with reference to an executor or administrator is requisite to a complete statement of a cause of action, and the fact that said persons are added as plaintiffs instead of being made defendants does not excuse the absence of the allegation mentioned.

Instead of this matter being moved for trial on the demurrer it is brought in on a motion for judgment by plaintiffs and argued as if a motion were made by said defendant for judgment on the pleadings under section 547 of the Code of Civil Procedure. Therefore, I hold that the plaintiffs' motion for judgment must at present be denied, and that the motion for judgment on the pleadings will be granted unless the plaintiffs make an appropriate amendment pursuant hereto, and pay said demurring defendant ten dollars motion costs on or before December 30, 1912. In case said costs are paid before said date the plaintiffs may within said time amend their complaint.

Ordered accordingly.